UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY L. YOUNG,

        Plaintiff,

        v.                                    Case No. 21-C-785

BRIAN FOSTER,
TONY MELI,
CAPTAIN WESTRA, and
BAUER,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Johnny Young, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Young's motion for leave to proceed without prepaying the full filing fee, his motion to appoint counsel, his motion for emergency screening and relief, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Young has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Young has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $88.44. Young's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Young alleges that, on April 16, 2019, his cellmate assaulted him by stabbing him in the head seven times while he was sleeping. Young asserts that he was sent to the hospital where he received seven staples to close his head wound. According to Young, two weeks before the attack, he wrote to Defendant Warden Brian Foster, Defendant Security Director Tony Meli, Defendant Captain Westra, and Defendant Captain Bauer and informed them that his cellmate was threatening him and did not want to be in the same cell as him because he is homosexual. Young asserts that they ignored his warning and that Bauer told him he would not move him or give him "SPN" (Young does not explain what SPN stands for). Young asserts that one week before the attack he again wrote to Defendants, "pleading for [his] safety and life." Young asserts that Foster told him to write to Westra, who told him to write to Meli, who told him to write to Bauer. Bauer allegedly did nothing to ensure Young's safety. Dkt. No. 1 at 3-4.

## THE COURT'S ANALYSIS

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* (citing *Farmer*, 511 U.S. at 837). Young may proceed on an Eighth Amendment claim against Defendants based on his allegations that, prior to being attacked, he twice notified them that he feared for his safety because his cellmate was threatening him and that Defendants failed to take steps to protect him.

On July 23, 2021, Young filed a motion for emergency screening and relief. Dkt. No. 9. He explains that two inmates (neither of whom is the inmate who attacked Young in 2019) are threatening him and that he believes Bauer is not properly addressing this alleged current threat.

3

Given that the Court has concluded that Young's allegations state a claim, the Court will deny his motion for screening as moot because Young does not appear to seek any other relief. The Court reminds Young that "[f]ederal courts sit not to supervise prisons but to enforce the constitutional rights of all 'persons,' including prisoners." *Cruz v. Beto*, 405 U.S. 319, 321 (1972). As such, the Court rarely interferes with the day-to-day administration of prison affairs and therefore encourages Young to take advantage of the procedures available at his institution to raise his concerns to the attention of the appropriate prison officials. At the same time, by virtue of Young's complaint and this order, the defendants are on notice of Young's serious allegations and will presumably take reasonable steps to alleviate whatever risk to his safety may exist.

Finally, on June 28, 2021, Young filed a motion to appoint counsel. Dkt. No. 5. Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, under 28 U.S.C. §1915(e)(1), district courts have the discretion to recruit a lawyer for individuals unable to afford one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Young has satisfied the first prong of the standard—he asserts that he wrote to ten different law firms in an attempt to obtain counsel; however, he does not satisfy the second prong of the

standard because he has not demonstrated that he lacks the capacity to represent himself at this stage of the case. The issue in this case is straightforward, and Young's complaints demonstrate that he has a good memory of what happened, who he wrote to, and what responses he did or did not receive. Young also has demonstrated that he is able to clearly communicate with the Court and to explain what relief he wants and why he believes he is entitled to that relief.

With regard to his assertion that he would not know what to do without the help of a jailhouse lawyer, the Court notes that very few prisoners have litigation experience. Court staff have prepared a guide, a copy of which is enclosed with this order, that provides information that may answer many of Young's questions about the litigation process. As to next steps, after Defendants respond to Young's complaint, the Court will set deadlines for discovery and the filing of dispositive motions. During discovery Young may gather the information he believes he needs to prove his claim. He may ask each Defendant up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask for documents that Defendants have in their possession. *See* Fed. R. Civ. P. 33 and 34; Civil L.R. 33. As a reminder, although Young should direct his discovery requests to Defendants, he must *mail* his discovery requests to their lawyers. Young should not file his discovery requests or responses with the Court. Based on Young's filings to date, the Court believes Young is capable of participating in discovery on his own.

Because the Court concludes that Young is able to represent himself at this stage of the case, the Court will deny his motion to appoint counsel. If Young encounters new challenges that he believes he is unable to overcome on his own, he may renew his motion. If he does so, he must be specific about the challenges he is facing and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Young's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Young's motion to appoint counsel (Dkt. No. 5) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Young's motion for emergency screening and relief (Dkt. No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Young's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Young shall collect from his institution trust account the $261.56 balance of the filing fee by collecting monthly payments from Young's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Young is transferred to another institution, the transferring institution shall forward a copy of this Order along with Young's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Young is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Young is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 4th day of August, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge